Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: (215) 540-8888
Attorney of Record: Amy Bennecoff (AB0891)
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **PATRICIA CLAUDIO,** | ) |
| | ) **Case No.:** |
| Plaintiff**,** | ) |
| | ) |
| **v.** | ) |
| | ) **COMPLAINT AND DEMAND FOR** |
| **DIVERSIFIED CONSULTANTS, INC. ,** | ) **JURY TRIAL** |
| | ) |
| Defendant. | ) |
| | ) **(Unlawful Debt Collections Practices)** |
| | ) |

## COMPLAINT

PATRICIA CLAUDIO ("Plaintiff"), by and through her counsel, Kimmel & Silverman, P.C., alleges the following against DIVERSIFIED CONSULTANTS, INC. ("Defendant"):

### INTRODUCTION

1.  This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA").

### JURISDICTION AND VENUE

2.  Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant regularly conducts business in the State of New Jersey, therefore personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in Collingswood, New Jersey 08107.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

8. Defendant is a corporation with its principal place of business located at 10550 Deerwood Park Boulevard, Suite 309, Jacksonville, Florida 32256.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692 a(6), and sought to collect a debt from Plaintiff.

10. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

11. Debt collection is the principal purpose of Defendant's business.

12. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

13. Plaintiff has a cellular telephone.

14. Plaintiff has only used this phone as a cellular telephone.

15. Beginning in or around June 2017 and continuing through August 2017, Defendant's collectors placed repeated harassing calls to Plaintiff's cellular telephone in their attempts to collect a debt that had been incurred primarily for personal, family, or household purposes.

16. Soon after the calls began in June 2017, Plaintiff told Defendant to stop calling.

17. However, Defendant continued to call through August 2017.

18. Once Defendant was aware its calls were unwanted any further calls could only have been placed for the purpose of harassing Plaintiff.

19. During this time, Defendant contacted Plaintiff using an automated telephone dialing system and/or a pre-recorded voice.

20. Plaintiff knew that Defendant was calling her using an automated telephone dialing system and/or a pre-recorded voice as there would be a long pause or delay before a live person would come on the line after she would pick up a call.

21. Defendant's calls were not for emergency purposes.

22. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

### COUNT I
### DEFENDANT VIOLATED § 1692d and d(5) OF THE FDCPA

23. A debt collector violates § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

24. A debt collector violates § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

25. Defendant violated both sections of the FDCPA by placing repeated harassing telephone calls to Plaintiff's cellular telephone knowing those calls were unwanted within the one year period preceding the filing of this Complaint.

## COUNT II
## DEFENDANT VIOLATED THE TCPA

26. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

27. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system.

28. Defendant's calls to Plaintiff were not made for emergency purposes, as they were attempting to collect a balance remaining on Plaintiff's account.

29. Defendant's calls to Plaintiff on and after her revocation in June 2017 were not made with Plaintiff's prior express consent.

30. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

31. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

32. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.

WHEREFORE, Plaintiff, PATRICIA CLAUDIO, respectfully prays for judgment as follows:

  a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

  b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

  c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs, pursuant to 15 U.S.C. § 1693k(a)(3);

  d. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

  e. Statutory damages of $500.00 per violative telephone call pursuant to f   .S.C. § 227(b)(3)(B);

  f. Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

  g. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

  h. Any other relief deemed fair and proper by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

  PLEASE TAKE NOTICE that Plaintiff, PATRICIA CLAUDIO, demands a jury trial in this case.

## **CERTIFICATION PURSUANT TO L.CIV.R.11.2**

  I hereby certify pursuant to Local Civil Rule 11.2 that this matter in controversy is not subject to any other action pending in any court, arbitration or administrative proceeding.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: July 26, 2018 | By: */s/ Amy L. Bennecoff Ginsburg* |
|  | Amy L. Bennecoff Ginsburg, Esquire |
|  | Kimmel & Silverman, P.C. |
|  | 30 East Butler Pike |
|  | Ambler, Pennsylvania 19002 |
|  | Phone: (215) 540-8888 |
|  | Facsimile: (877) 788-2864 |
|  | Email: aginsburg@creditlaw.com |

PLAINTIFF'S COMPLAINT